2UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VU THANH TRAN, | CASE NO. C25-01897-JLR |
| Petitioner, | ORDER |
| v. | |
| PAMELA BONDI, ET AL., | |
| Respondents. | |

## I.   INTRODUCTION

Before the court is Petitioner Vu Thanh Tran's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 and request for injunctive relief. (Pet. (Dkt. # 1); Reply (Dkt. # 16).) Respondents United States Attorney General Pamela Bondi, United States Department of Homeland Security ("DHS") Secretary Kristi Noem, Seattle Field Office Director of United States Citizenship and Immigration Services ("USCIS") Cammilla Wamsley, and United States Immigration and Customs Enforcement ("ICE") (together, "Respondents") oppose the petition. (Resp. (Dkt. # 13).) The court has considered the

ORDER - 1

petition, the parties' submissions, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS Mr. Tran's petition.

## II.   BACKGROUND

Mr. Tran is a citizen of Vietnam presently detained at the Northwest ICE Processing Center in Tacoma, Washington. (Pet. at 1-2.) He is subject to a final order of removal and was originally ordered removed *in absentia* on June 28, 2007. (Arenson Decl. (Dkt. # 14) ¶ 2, Ex. 1 ("Final Order of Removal").) On August 21, 2025, he was detained by ICE during a regularly scheduled check-in at the ICE office in Tukwila, Washington, and has been in custody ever since. (*Id.* ¶ 2, Ex. 3 ("Notice of Revocation"); *see* Pet. at 6.)

Mr. Tran was born in Vietnam and was admitted to the United States in 1984 as a refugee. (Pet. at 5.) When he was 20 years old, Mr. Tran pled guilty to a marijuana charge in King County Superior Court. (*Id.*) Later, in 2007, Mr. Tran pled guilty to conspiracy to distribute marijuana in federal court. (*Id.*) After Mr. Tran served his sentence on the federal conviction, ICE held him in custody for approximately two months before releasing him on an order of supervision on November 30, 2009. (*Id.*; Arenson Decl. ¶ 2, Ex. 2 (Order of Supervision).) At that time, ICE was unable to effectuate his removal to Vietnam because of a lack of cooperation between the United States and Vietnam. (Pet. at 5-6; *see also id.* at 9-12 (discussing the status of the diplomatic relationship between the United States and Vietnam); Resp. at 1 (describing why Mr. Tran was released from ICE custody in 2009).) During the 15 years since his

release from ICE custody, Mr. Tran has complied with the conditions of his release. (Pet. at 6.)

On October 1, 2025, Mr. Tran filed the present petition for writ of habeas pursuant to 28 U.S.C § 2241 challenging his immigration detention for violation of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2)(A), and the Fifth Amendment's Due Process Clause. (*See* Pet.) Mr. Tran seeks relief on four grounds: (1) Respondents' re-detention of Mr. Tran violates the APA, 8 U.S.C. § 1231(a), 8 C.F.R. § 241.13(i), and due process because Respondents arrested Mr. Tran without relevant changed circumstances and without an opportunity to be heard; (2) Mr. Tran's continued detention in immigration custody violates the due process clause of the Fifth Amendment because there is no significant likelihood that Mr. Tran will be removed in the foreseeable future; (3) deporting Mr. Tran to a third country would violate the Fifth Amendment, 8 U.S.C. § 1231, the Convention Against Torture, implementing regulations, and the APA; and (4) deporting Mr. Tran to a third country would constitute punitive third country banishment and violate the Fifth and Eighth Amendments. (*Id*. at 21-29.) Mr. Tran initially moved for a preliminary injunction barring deportation to a third country without notice and a meaningful opportunity to be heard. (PI Mot. (Dkt. # 3 ).) He later withdrew the motion, (Mot. to Withdraw (Dkt. # 9)), after the parties entered a stipulation that Mr. Tran would not be removed to a country other than Vietnam during the pendency of this case (10/22/25 Stip. (Dkt. # 10); *see also* 11/4/25 Order (Dkt. # 17)).

ORDER - 3

## III. ANALYSIS

The court first considers the legal standard for detention of noncitizens during immigration proceedings and then turns to the parties' arguments concerning the present immigration habeas petition.

**A. Legal Standard for Detention of a Noncitizen During Immigration Proceedings**

The Immigration and Nationality Act ("INA") permits detention of noncitizens present in the United States during immigration proceedings. 8 U.S.C. §§ 1225(b), 1226(a), 1226(c), 1231(a). A noncitizen who is ordered removed must be removed by DHS within 90 days, *id*. § 1231, and, during the removal period, the noncitizen must be detained, *id*. § 1231(a)(2). When the government fails to remove the noncitizen during that period, the statute only permits further detention of the noncitizen under certain conditions: (1) the noncitizen is "inadmissible" under certain grounds, (2) the noncitizen is "removable" as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, or (3) the noncitizen has been "determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal." 8 U.S.C. § 1231(a)(6); *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).

Although ICE is permitted to hold noncitizens in detention beyond the initial 90-day window subject to certain limitations, the INA does not permit indefinite detention. *Zadvydas*, 533 U.S. at 682 (affirming that the INA limits the "post-removal-period detention to a period *reasonably necessary* to bring about [the noncitizen's]

removal from the United States"). Furthermore, ICE may extend a noncitizen's detention only until "it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701. The Supreme Court has held that a six-month period of detention is presumptively reasonable. *Id*. After six months of detention, a noncitizen seeking release from detention bears the burden of showing that "there is no reasonable likelihood of removal in the reasonably foreseeable future." *Id*. The burden then shifts to the government to present "evidence sufficient to rebut that showing." *Id*. If the government is unable to meet its burden, then the noncitizen must be released from detention. *Jennings v. Rodriguez*, 583 U.S. 281, 299 (2018).

Re-detention is governed by 8 C.F.R. § 241.13(i), which sets forth that ICE may revoke a noncitizen's release under § 1231 and return them to ICE custody (1) for failure to comply with conditions of release, or (2) if, pursuant to a change in circumstances, ICE "determines that there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(1)-(2). Re-detention pursuant to § 241.13(i)(1) requires notice and an opportunity for the noncitizen to be heard. *Id*. (setting forth that after the noncitizen is notified of the reasons for the revocation of their release, the noncitizen must have an opportunity to respond to those reasons by "submit[ing] any evidence or information that [the noncitizen] believes shows there is no significant likelihood [they] will be removed in the reasonably foreseeable future, or that [they have] not violated the order of supervision"). Before re-detaining a noncitizen, the government must consider the history of the noncitizen's compliance with the order of removal, the history of the governments's efforts to remove noncitizens to the country in

question, and the likelihood of the government's future success of effectuating removals of noncitizens to the country in question. *See* 8 C.F.R § 241.13(f) (setting forth the factors the government must consider when determining whether to revoke a noncitizen's release).

**B.     Mr. Tran's Re-Detention is Unlawful**

Respondents' decision to re-detain Mr. Tran does not comply with the Supreme Court's holding in *Zadvydas* or the regulatory requirements of 8 C.F.R. § 241.13(i) or § 241.13(f). First, Mr. Tran was ordered removed *in absentia* in June 2007, (Resp. at 1), and then held in ICE custody until November 30, 2009, (Pet. at 5-6). Thus, his *Zadvydas* grace period ended six months following the entry of the order of his removal and three months following his 90-day removal period, both of which occurred in 2007. 533 U.S. at 701. Because more than six months have elapsed since the entry of the order of removal, the burden shifts to Respondents to show Mr. Tran is likely to be removed in the foreseeable future. *Id*.

The court concludes Respondents have failed to meet their burden. Although Respondents allege increased diplomatic cooperation between the United States and Vietnam (Arenson Decl. ¶ 3, Ex. 5 ("Gonzalez Decl.") ¶ 6), they do not present evidence that rebuts Mr. Tran's initial showing. Mr. Tran has adduced evidence that over the past six months, Vietnam has not issued the necessary travel documents to Vietnamese citizens who entered the United States before 1995 within 30 days and that it is unlikely to do so in the imminent future. (Hurrelbrink Decl. (Dkt. 16-1) ¶¶ 6-8; *see also* Nguyen Decl. (Dkt. # 16-2) ¶¶ 10-12 (representing that none of the over 100 pre-1995 arrival

Vietnamese immigrants he has assisted this year received travel documents within 30 days).)  Additionally, Vietnam has not yet issued the travel documents necessary to effect Mr. Tran's removal, even though nearly 80 days have elapsed since the Respondents re-detained Mr. Tran, and three weeks have elapsed since DHS requested those documents.  (Rodriguez Decl. (Dkt. # 15) ¶ 17)  ICE is not permitted to hold Mr. Tran indefinitely while it waits for travel documents from Vietnam.  *Zadvydas*, 533 U.S. at 682.

      Second, Mr. Tran's re-detention does not comply with the requirements set forth by 8 C.F.R. § 241.13(i) and 8 C.F.R. § 241.13(f).  It is undisputed that Mr. Tran did not violate the conditions of his release.  (*See generally* Resp. (explaining the Respondents' rationale for re-detaining Mr. Tran); *see generally* Notice of Revocation (same).)  Although Respondents argue that there is now a significant likelihood that Mr. Tran will be removed in the reasonably foreseeable future, it has not met its burden to present evidence supporting this claim.  *See Zadvydas*, 533 U.S. at 701 (holding that, after the initial 90-day period and a six-month grace period, the burden is on the government to present sufficient evidence rebutting a noncitizen's assertion that there is not a significant likelihood of removal in the reasonably foreseeable future).  It also failed to provide Mr. Tran with notice of the revocation of his release prior to re-detaining him.  8 C.F.R. § 241.13(i)(3); (*see* Notice of Revocation (establishing that ICE provided the notice to Mr. Tran after he arrived at the processing center and was already present in the holding room)).  Finally, Respondents fail to establish that they considered the criteria set forth in § 241.13(f) and that Mr. Tran's re-detention was not arbitrary.  Indeed, although

ORDER - 7

Respondents assert in their response and the notice of revocation that they re-detained him because removal to Vietnam is likely to occur in the imminent future, it failed to even request travel documents from Vietnam until October 18, 2025, nearly two months after they took him into custody. (Resp. at 5-6; *see* Notice of Revocation; Rodriguez Decl. ¶ 17.) As a result, the court concludes that Mr. Tran has shown that his continued detention is contrary to the INA and constitutes a violation of the APA.

**C.     Mr. Tran's Claims Related to His Third Country Removal are Not Ripe**

A petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the proper mechanism to challenge the legality of Mr. Tran's detention pending removal. 28 U.S.C. § 2241(c)(3); *see also Zadvydas*, 533 U.S. at 688 ("We conclude that § 2241 habeas corpus proceedings remain available as a forum for statutory and constitutional challenges to post-removal-period detention."). However, it is not the proper vehicle to bring claims that are speculative or otherwise not ripe for review. *Thomas v. Union Carbide Agr. Prods. Co.*, 473 U.S. 568, 580 (1985) (holding that the basic rationale of the ripeness doctrine is to "prevent courts, through premature adjudication, from entangling themselves in abstract disagreements"); *see Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (holding that district courts properly decline to issue advisory opinions or to declare rights in hypothetical cases rather than live cases or controversies).

In his petition, Mr. Tran purports to bring claims challenging the constitutionality of his possible removal to a third country as a likely violation of 8 U.S.C. § 1231(b), the Fifth Amendment, the Eighth Amendment, the Convention Against Torture, the INA, the

APA, and relevant implementing regulations. (Pet. at 27-29.) These claims are not the proper subject of an immigration habeas petition. *Zadvydas*, 533 U.S. at 688. Furthermore, Mr. Tran presents no evidence that Respondents seek to remove him to a third country. (*See generally* Pet.) Respondents represent that they have no intent to remove Mr. Tran to any country other than Vietnam and have requested travel documents to do so. (Rodriguez Decl. ¶¶ 17-18.) Thus, Mr. Tran's claims based on the possibility of third-country removal are speculative and invite the court to decide claims that are not part of a live controversy. *Thomas*, 473 U.S. at 580. Therefore, the court declines to address Mr. Tran's arguments regarding the constitutionality of his possible removal to a third country.

## IV. CONCLUSION

For the reasons above, the court GRANTS Mr. Tran's petition (Dkt. # 1) and, finding Mr. Tran is entitled to immediate release from custody, ORDERS that a Writ shall issue. The court DIRECTS Mr. Tran to file as soon as possible a proposed Writ of Habeas Corpus and to email a Word version to robartorders@wawd.uscourts.gov.

Dated this 10th day of November, 2025.

JAMES L. ROBART
United States District Judge